UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE: STUCCO LITIGATION ) Master File No. 5:96-CV-287-BR(2)
)
)
)
)
)
_____)

THIS DOCUMENT RELATES TO: BR OB#4; p. 43

ALL CASES

FILED
APR 11 1996
DAVID W. DANIEL, CLERK
U.S. DISTRICT COURT
E. DIST. NO. CAR.

CASE MANAGEMENT ORDER NO. 1

Having considered the comments and proposals of the parties presented at the initial conference held 9 April 1996, the court ORDERS:

1. **Pretrial Consolidation.** The cases listed on Attachment A are, until further order, consolidated for pretrial purposes. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

(a) **Master Docket and File.** The clerk will maintain a master docket and case file under the style "IN RE: STUCCO LITIGATION," master file number 5:96-CV-287-BR(2). All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

(b) **Captions; Separate Filing.** Orders, pleadings, motions, and other documents will bear a caption similar to that of

this order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the name and number of the case(s) to which they apply, and extra copies shall be provided to the clerk to facilitate filing and docketing both in the master case file and the specified individual case files, according to the directions in ¶ 3(c), infra.

(c) **Discovery Requests and Responses.** Pursuant to Fed. R. Civ. P. 5(d) and E.D.N.C. R. 3.08, discovery requests and responses will not be filed with the court except when specifically ordered by the court or to the extent offered in connection with a motion.

2. **Organization of Counsel.**

(a) **Plaintiffs.** To act on behalf of plaintiffs with the responsibilities prescribed in Attachment B, the court designates Charles F. Blanchard as Liaison Counsel. Mr. Blanchard's address and telephone number are as follows: Blanchard, Jenkins & Miller, P.A., 3600 Glenwood Avenue, Suite 103, Raleigh, North Carolina 27612, (919) 787-1631.

Counsel for plaintiffs will file with the court no later than 12 April 1996, any additional papers that they wish the court to consider in its determination as to which attorney(s) will be named as Lead Counsel. Once designated, Plaintiffs' Lead Counsel will act on behalf of plaintiffs with the responsibilities

2

prescribed in Attachment B.

Within five days of his(their) appointment, Lead Counsel will submit to the court his(their) proposal for membership on Plaintiffs' Steering Committee.

(b) **Defendants.** To act as Liaison Counsel on behalf of all defendants with the responsibilities prescribed in Attachment B, the court designates W. Andrew Copenhaver. Mr. Copenhaver's address and telephone number are as follows: Womble, Carlyle, Sandridge & Rice, Suite 1600, BB&T Financial Center, 200 Second Street West, Winston-Salem, North Carolina 27102, (910) 721-3600.

3. **Service of Documents.**

(a) **Orders.** A copy of each order will be provided to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel for distribution as appropriate to other counsel and to the parties.

(b) **Pleadings, Motions, and Other Documents.** Plaintiffs' Liaison Counsel will be provided with one copy of each pleading, motion, or other document filed by a party; Defendants' Liaison Counsel will be provided with one copy of each such document.

(c) **Copies Required; Courtesy Copies.** Except as noted below in ¶ 4(a), all documents should be filed with the clerk of the court and none should be sent directly to the judges as "courtesy copies" or otherwise. The following rules govern the number of copies that must be filed with the clerk:

(1) **Filings Designated as "ALL CASES."**

3

Counsel must file an original and one copy.

(2) **Filings not Designated as "ALL CASES."** Counsel must file an original for each designated case file, an original for the master case file, and one extra copy. Thus, for a filing designated for two cases, counsel should file three originals and one copy.

(d) **Facsimile Filings.** Filings by facsimile will not be accepted by the clerk.

4. **Refinement of the Issues.**

(a) **Preliminary Reports.** Counsel will submit to Judge Britt, with a copy to Magistrate Judge Denson, by 19 April 1996, a brief written statement (not exceeding ten, double-spaced pages) indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. Counsel should briefly state which legal issues may be appropriate for expedited ruling on motions for partial summary judgment. These statements will not be filed with the clerk, will not be binding, and may not be offered in evidence against a party in a later proceeding.

(b) **Rule 12 Motions.** To the extent counsel are aware of grounds for Fed. R. Civ. P. 12 jurisdictional motions, such motions should be filed with the court within thirty days of this order. This deadline will not prevent counsel or the court from raising jurisdictional issues later in the proceedings.

(c) **Other Motions.** No motion shall be filed under Rules 11, 12, and 56 (except as noted directly above) without leave

4

of the court and unless such motion includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action. Counsel are reminded of E.D.N.C. R. 4.03, 4.06(b), and 23.06(b) and (c) as well as Fed. R. Civ. P. 37(a)(2).

(d) **Pleadings.** Within ten days of the court's appointment of Plaintiffs' Lead Counsel, plaintiffs must file a consolidated complaint.

Each defendant shall have twenty days from the filing of plaintiffs' consolidated complaint to file its answer to the complaint, including any cross claims or counterclaims. Those defendants who have not yet filed responses to plaintiffs' original complaints will not be required to do so; they will only be required to answer the consolidated complaint.

Answers to any cross claims or counterclaims must be filed within twenty days of the filing of the relevant answer.

Except for good cause shown, no additional parties may be joined as plaintiff, defendant, or third-party defendant after sixty days of this order.

(e) **State Law.** Unless a motion is filed suggesting otherwise, it will be presumed that the law of the State of North Carolina is controlling.

(f) **Class Action.** The parties must file with the clerk no later than 19 April 1996, their agreed upon schedule for discovery, briefing, and hearing of the class certification issue. If the parties are unable to reach agreement on a schedule, they

5

must file their individual proposals by the same date.

   5. **Discovery.**

   (a) **Merits Discovery.** Except as noted directly below with regard to discovery from third parties, all discovery on the merits of the consolidated cases is stayed pending the court's decision on the class certification issue.

   (b) **Discovery from Third Parties.** Nothing in this order shall restrict the parties' ability to seek and obtain discovery from third parties on all matters including those related to the merits, provided, however, that any discovery notice sent to a third party must inform that party of its right to file a motion with the court seeking to limit the discovery sought from it to the class certification issue, pending a decision by the court on that issue. Such notice shall be accomplished by providing the third party with the relevant portions of this order.

   (c) **Schedule for Merits Discovery.** A schedule for merits discovery will be established by subsequent order of the court.

   (d) **General Limitations.** All discovery requests and responses are subject to the requirements of Fed. R. Civ. P. 26(b)(1) and (2) and (g). Discovery shall not, without prior approval of the court, be taken of putative class members or of persons in countries outside the United States; and any request for such discovery shall indicate why the discovery is needed and the specific information or documents sought.

   Captions on all discovery motions shall clearly

6

describe the discovery to which the motions pertain (e.g., "Defendant ABC's Motion To Compel Answers To Its Second Set Of Interrogatories").

(e) **Confidentiality Order.** The parties shall file with the clerk no later than 19 April 1996 a proposed confidentiality order.

Notwithstanding any confidentiality order that is subsequently entered, nothing shall be filed under seal without permission of the court.

(f) **Documents.**

(1) **Preservation.** The parties shall file with the clerk no later than 19 April 1996 a proposed document preservation order.

(2) **Numbering System.** The parties shall file with the clerk no later than 19 April 1996 a proposed system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation.

(3) **Document Depositories.** The parties shall file with the clerk no later than 19 April 1996 a proposed order regarding document depositories.

(4) **Avoidance of Multiple Requests.** Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it at a document depository or from its own Liaison Counsel.

7

(g) **Interrogatories for Class Certification Discovery.** Counsel shall, to the extent possible, combine their interrogatories to any party into a single set of questions. No question shall be asked that has already been answered in response to interrogatories filed by another party unless there is reason to believe that a different answer will be given.

The parties shall file with the clerk no later than 19 April 1996 a proposed order establishing the maximum number of questions that may be included in interrogatories.

(h) **Depositions.** The parties shall file with the clerk no later than 19 April 1996 a proposed order establishing deposition guidelines.

(i) **Special Agreements.** All parties shall be under a continuing duty to make prompt disclosure to the court (and, unless excused by the court for good cause shown, to other parties) of the existence and terms of all agreements and understandings, formal or informal, absolute or conditional, settling or limiting their rights or liabilities in this litigation. This obligation includes not only settlements, but also such matters as "loan receipt" and "Mary Carter" arrangements, and insurance, indemnification, contribution, and damage-sharing agreements.

6. **Next Conferences.** Status conferences are hereby scheduled as follows: 10 May 1996; 7 June 1996; 5 July 1996; and 2 August 1996. All conferences will begin at 9:00 a.m. and will be held in Courtroom Two in the Federal Building in Raleigh, North Carolina.

8

7. **Later Filed Cases.** The terms of this order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims related to the use of artificial stucco on personal residences. Objections to such consolidation or other terms of this order shall promptly be filed, with a copy served on Liaison Counsel for plaintiffs and defendants.

8. **List of Affiliated Companies and Counsel.** To assist the court in identifying any problems of recusal or disqualification, counsel will submit to the court by 19 April 1996, a list of all companies affiliated with the parties (e.g., parent companies, subsidiaries, etc.) and all counsel associated with the litigation.

9. **Admission of Counsel.** E.D.N.C. R. 2.04 is waived for the purposes of these consolidated proceedings and attorneys admitted to practice and in good standing of any United States District Court are admitted *pro hac vice* in this litigation. Association of local counsel is not required. The appearance of counsel shall confer jurisdiction upon this court for any alleged misconduct of counsel or for any other purpose arising in the course of this action.

10. **Miscellaneous.** The motions for protective orders by non-party EIFS Industry Members Association in the Todd and Baker cases are DENIED as moot, those matters having been resolved by EIFS and plaintiffs. The motions by the various defendants in the

9

individual cases for a scheduling conference and stay of discovery pending entry of a scheduling order are DENIED as moot. The Todd plaintiffs' countermotion in support of consolidation of related cases, entry of pretrial order, and appointment of lead counsel and executive committee is DENIED as moot. The Baker plaintiffs' motion for entry of pretrial order no. 1 is DENIED as moot.

This _10_ April 1996.

W. EARL BRITT
United States District Judge

Attachments:   Attachment A
               Attachment B

stucco/js

## ATTACHMENT A

1. <u>H. Mitchell Baker, III, et al. v. STO Corp., et al.</u>, No. 7:96-CV-38.

2. <u>Thomas E. Todd, et al. v. Dryvit Sys., Inc., et al.</u>, No. 7:95-CV-188.

3. <u>Don Edmondson, et al. v. Dryvit Sys., Inc.</u>, 5:96-CV-130.

4. <u>Charles Nicholson, et al. v. STO Corp.</u>, 5:96-CV-144.

11

Case 5:96-cv-00287-BR   Document 1   Filed 04/11/96   Page 11 of 14

## ATTACHMENT B

## Responsibilities of Designated Counsel

1. **Plaintiffs' Lead Counsel.** Plaintiffs' Lead Counsel shall be generally responsible for coordinating the activities of all counsel for plaintiffs during pretrial proceedings and shall:

(a) determine (after such consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

(b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26 (b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

(d) delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

(e) enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

(f) prepare and distribute to the parties periodic status reports;

(g) maintain adequate time and disbursement records

covering services as Lead Counsel;

(h) monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(i) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

Counsel for plaintiffs who disagree with Lead Counsel (or those acting on behalf of Lead Counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of Lead Counsel.

2. **Plaintiffs' Liaison Counsel.** Plaintiffs' Liaison Counsel shall:

(a) maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

(b) receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel; and

(c) maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

3. **Plaintiffs' Steering Committee.** The other members of

2

Plaintiffs' Steering Committee shall from time to time consult with Plaintiffs' Lead and Liaison Counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

4. **Defendants' Liaison Counsel.** Defendants' Liaison Counsel shall:

(a) maintain and distribute to co-counsel and to Plaintiffs' Liaison Counsel an up-to-date service list;

(b) receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel;

(c) maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository; and

(d) call meetings of co-counsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities.

5. **Privileges Preserved.** No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

3