UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

FILED
DEC 6 1996
DAVID W DANIEL, CLERK
US DIST. CT.
E. DIST. NO. CAR

| | |
|---|---|
| IN RE STUCCO LITIGATION ) | MASTER FILE NO. 5: 96-CV-287-BR (2) |
| ) | |
| THIS DOCUMENT RELATES TO: ) ALL CASES ) | |

**REPLY BRIEF IN RESPONSE TO DEFENDANTS CONTINENTAL STUCCO PRODUCTS, INC.'S, FINESTONE'S (SIMPLEX PRODUCTS), EUROPEAN STUCCO PRODUCTS, INC.'S, PLEKO SOUTHEAST CORPORATION'S, AND U.S. GYPSUM'S MEMORANDA IN <u>OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>**

## I. INTRODUCTION

Plaintiffs respectfully submit this reply memorandum in response to the arguments raised by Continental Stucco Products, Inc. ("Continental"), Pleko Southeast Corporation ("Pleko"), European Stucco Product, Inc. ("European Stucco"), Finestone ("Simplex Products") ("Finestone") and United States Gypsum ("USG") in their respective opposition memoranda. Plaintiffs incorporate herein the arguments set forth in their reply memorandum in response to the points raised by Defendants Dryvit, STO, Synergy and Parex. The additional issues raised by Continental, Pleko, European Stucco, Finestone and USG are addressed below.

PARTIALLY
SCANNED

## II. ARGUMENT

### A. Continental's EIFS Caused Injury to the Class Representatives.

Continental argues that no class should be certified because (1) it does not sell an EIF system; and (2) Plaintiffs William and Laura Burton and Michael D. Coleman have not suffered injury and are therefore inadequate class representatives. Continental further argues that the named plaintiffs' claims do not meet the minimum jurisdictional amount, and that their claims should be dismissed. All of these arguments should be rejected.

Continental's claim that it sells stucco "supplies" rather than a "'soup to nuts system" is a distinction without a difference, especially for purposes of whether a class should be certified. Courts are not to resolve questions going to the merits when deciding whether a class should be certified. *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *Doctor v. Seabord C.L.R. Co.*, 540 F.2d 699, 707 (4th Cir. 1976); *Haywood v. Barnes*, 109 F.R.D. 568, 575 (E.D.N.C. 1986). Continental does not deny that the "supplies" it sold were assembled to create an EIF system identical in all material respects to the other defendants' EIF systems. Plaintiffs contend that Continental's sale of these "supplies" makes them liable; Continental contends otherwise. The correct party is not for this Court to determine in the context of a class certification motion, it is for a jury to determine at the appropriate time.[1]

Moreover, the named plaintiffs suffered economic injury from having Continental's products on their homes. It is undisputed that Plaintiffs William and Leora Burton purchased a home with a Continental EIF system, and that they have thus far expended $18,800 to strip and

---

[1] At least one of Defendant's experts, however, concedes that the difference among manufacturers and their respective EIFS products have nothing to do with the fact that they have no drainage plane. *See* Hopkins Depo at 126-29. (Exh. 1, hereto.)

-2-

replace the system. *See* Leora Burton Dep. at 11:17-19; 28:11-29:6; 31:15-20. (Exh. 2, hereto) Furthermore, Mr. Coleman removed and replaced his EIF system for a total of approximately $25,000 because he was unable to sell his home with the EIFS cladding. Def. Mem. at 3-4. Although Continental emphasizes the fact that the Burton's insurance carrier paid for the re-cladding, and that Mr. Coleman recouped his re-cladding costs by selling his home, the fact that a plaintiff has received compensation for his injury from a "collateral source" does not preclude an action against the wrongdoer. *See, e.g., Travelers Insurance Co. v. Keith*, 283 N.C. 577, 583, 196 S.E.2d 731, 735 (1973) (observing the general rule that a tortfeasor cannot reduce the amount of his liability by the amount paid to plaintiff by a collateral source independent of the tort feasor). These facts demonstrate that the named plaintiffs suffered injury sufficient to make them adequate class representatives.

The named plaintiffs also meet the requisite amount in controversy. Plaintiffs allege that, in addition to property damage, the presence of EIFS made their homes decline in value. Thus, for example, the Colemans estimate they lost an additional $25,000 in real estate appreciation. Dep. of Michael Coleman at 65:7-18. (Exh. 3, hereto.) The damages for this injury, together with compensatory damages and each plaintiffs' pro rata share of punitive damages, attorneys fees, and costs, satisfy the jurisdictional minimum.

### B. European Stucco's Liability Cannot be Determined at the Class Certification Stage of this Litigation.

Like Continental, European Stucco asserts that it did not manufacture an EIF "system," but simply provided materials that can be assembled to create an EIF system, with or without a drainage plane. Indeed, European Stucco's own documents indicate that European

Stucco did in fact sell and warrant a synthetic stucco "system" -- not simply component parts of the system. *See* Euro-Cote Warranty (Exh. 4, hereto) (ES000036). Even if this distinction had legal significance -- which it does not -- the issue of whether European Stucco is liable to plaintiffs is not before the Court at this stage. To consider European's assertion that it cannot be held liable for selling "materials" as opposed to "systems," would essentially convert European Stucco's opposition to class certification into a motion to dismiss, without the attendant burdens and other procedural safeguards. This the Court cannot and should not do.

### C. Plaintiffs Have Standing to Sue Pleko Southeast.

Pleko Southeast's only unique argument is based on its assertion that none of the plaintiffs has a Pleko system in their house. Even if true, this does not relieve Pleko of liability, and does not justify refusing to certify a class of Pleko purchasers.

Pleko is correct that a plaintiff is usually required to have dealt with the defendant he is suing. But particularized allegations of a civil conspiracy that demonstrate links between a defendants' actions and the plaintiff's injury also suffice to confer standing, even if the plaintiff did not deal with the defendant he is suing. *Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir. 1993). Thus, Plaintiffs' allegation that Pleko participated in a conspiracy to defraud the public about EIFS is sufficient for plaintiffs to sue Pleko, despite the absence of a specific homeowner acting as a class representative with Pleko EIFS.

Plaintiffs allege that EIMA was the mechanism through which defendants conspired to disseminate false statements regarding EIFS, to increase EIFS sales at the expense of home owners. *See* Plaintiffs' Second Amended Consolidated Amended Complaint ("CAC") at ¶ 37. Pleko does not deny that it belonged to EIMA during the proposed class period. Nor does Pleko

- 4 -

deny that one of the purposes of EIMA is to increase market awareness and to market and promote EIFS to the design/building community. CAC at ¶ 37. Consistent with that purpose, EIMA caused advertisements for EIFS to be published in national publications such as Architecture, to the detriment of homeowners who purchased EIFS after seeing the advertisements, or at the recommendation of third parties who saw the advertisements. *See* Cross Aff. at ¶¶ 2 & 4 (Exh. 5, hereto.) The conspiracy is thus the basis of the claims of these homeowners, whether they purchased Pleko products or those of some other manufacturer.

Pleko denies that it participated in a conspiracy to disseminate misrepresentations about EIFS, or that it ratified any such misrepresentations in furtherance of such conspiracy. Pleko Answer at 13-16. Of course, whether any of EIMA's representations were false, whether they were the result of a conspiracy, and whether Pleko participated in that conspiracy, are questions to be resolved by a jury, not by this Court at the class certification stage. But even the undeveloped record reveals that EIMA kept is members apprised of its marketing plans, and that EIMA's members, including Pleko, endorsed the advertisements EIMA placed in national publications. *See* Cross Aff. Ex. 1. (Exh. 5, hereto.) In sum, plaintiffs' allegations of a conspiracy are sufficient to confer standing, and satisfy Rule 23's adequacy requirement as well.

### D. The Numerosity Requirement has Been Satisfied With Respect to Finestone.

Finestone contends that because only one named class member has a claim against Finestone, the numerosity requirement has not been satisfied. This contention ignores the fundamental nature of class actions, *i.e.*, that they are brought in a representative capacity. The need for numerosity does not mean that the named plaintiffs must be numerous, but that the class

Case 5:96-cv-00287-BR    Document 154    Filed 12/06/96    Page 5 of 13

must be sufficiently numerous to make joinder impracticable. *Green v. Cauthen*, 379 F.Supp. 361 (D.S.C. 1974) (single class representative adequate).

Numerosity is satisfied with respect to Finestone. Courts routinely find numerosity, even in cases involving far less than one hundred class members. *See, e.g., Rodger v. Electronic Data Sys. Corp.*, 160 F.R.D. 532, 539 (E.D.N.C. 1995) (57 class members is sufficient); *Afro American Patrolmens League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (35 class members is sufficient). In this case, the total nationwide residential EIFS market is about 250,000 homes. Cross Aff. at 12. Finestone itself admits (for the first time) that its products make up approximately 1.3% of this market. Affidavit of James Van Doren at ¶7. Thus, approximately 3,250 homes are currently clad with defective Finestone EIFS, which is more than enough to satisfy the numerosity requirement.

Not surprisingly, reports of water damage from Finestone EIFS are steadily increasing. Finestone's response to Plaintiffs' questionnaire revealed that, in addition to the named plaintiff, at least ten other homeowners have contacted Finestone regarding water entrapment problems. Since then, twenty additional claims have been filed, for a total of at least 30. (Van Doren Aff., ¶ 6). The problem caused by Finestone's product is widespread, and the class to be certified against Finestone is sufficiently numerous to make joinder impracticable. The Finestone class should thus be certified.

### E. The Claims Against USG are Typical and the Todds are Adequate Class Representatives.

USG asserts that typicality is not met because its defenses are different from those of other manufacturers. Indeed, in contrast to other defendants, USG concedes that "EIFS [is]

neither practical nor reliable." USG's Memorandum in Opposition to Class Certification at 7. USG asserts that this concession, along with the fact that it was never a member of EIMA and never had "certified" applicators, makes it so unique that it should not be in this action.[2] But USG ignores the fact that subclasses against each defendant can be created to deal with differences, if any, among EIFS manufacturers and their defenses. Because the claims of the Todds are typical of those other USG class members, the differences between USG and other EIFS manufacturers are of no consequence.

USG also asserts that the Todds are inadequate class representatives because they have instituted additional litigation in state court against third parties. USG's notion of what constitutes "adequacy" is unsupported and contradicted by the Todds' actions in this case. A class representative is deemed "inadequate" only when he has a claim or interest that is antagonistic to the overall interests of the class in pursuing the class claims. Newberg & Conte, *Newberg on Class Actions (3d)*, § 3.13. Here, the fact that the Todds are seeking to hold additional parties responsible for their injury does not, in any way, conflict with the interest they have in vigorously prosecuting their claims against USG. Consistent with that interest, the Todds have aggressively pursued their claims in this case, including participating fully in discovery, and otherwise doing their best to maximize their recovery and the recovery of the class as a whole. The Todds are more than adequate class representatives, and their actions prove it.

---

[2] USG also asserts that, unlike other defendants, it was in the market for only a short time period. At the same time, however, USG admits that it sold approximately 1,500 systems nationwide. (*See* USG's Response to Plaintiffs' Questionnaire at 5.) Moreover, contrary to USG's representations to this Court, complaints about USG EIFS are not limited to North Carolina. (*See* Letter to James Anderson from Mark Howenstine, Technical Sales Representative, USG)(Exh. 7, hereto).

Case 5:96-cv-00287-BR   Document 154   Filed 12/06/96   Page 7 of 13

Finally, USG, like Continental, asserts that the Todds do not meet the requisite amount in controversy. But the Todds are seeking damages in excess of the jurisdictional amount. According to the Todds, their out-of-pocket damages alone exceed $25,000. Thomas Todd Dep. at 23:14. (Exh. 6, hereto.) In addition, the Todds seek damages for reduced property values, punitive damages, attorneys fees, and costs. These damages satisfy the minimum amount in controversy for subject matter jurisdiction.

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in plaintiffs' opening brief in support of class certification and in plaintiffs' reply brief to all defendants, plaintiffs respectfully request that the proposed class be certified with respect to the claims against Continental, European Stucco, Finestone, Pleko Southeast, and USG.

DATED: December 6, 1996

DOFFERMYRE, SHIELDS, CANFIELD,
KNOWLES & DEVINE

By _____
Everette Doffermyre
1355 Peachtree Street
Suite 1600
Atlanta, Georgia 30309
(404) 881-8900

- 8 -

LAW OFFICES OF MARVIN K. BLOUNT, JR.

By: *Marvin K. Blount, Jr.*
Marvin K. Blount, Jr.
Jennefer J. Cross
400 West First Street
Greenville, NC 27835
(919) 752-6000

Co-Lead Counsel for Plaintiffs


Charles F. Blanchard
BLANCHARD, JENKINS & MILLER, P.A.
3600 Glenwood Avenue
Suite 103
Raleigh, NC 27612
(919) 787-1631

Liaison Counsel for Plaintiffs

Steven Berman
Clyde Platt
HAGENS & BERMAN
1301 Fifth Avenue
Suite 2929
Seattle, WA 98101
(206) 623-7292

Gary E. Mason
COHEN MILSTEIN HAUSFELD & TOLL,
 P.L.L.C
100 New York Avenue
West Tower, Suite 500
Washington, D.C. 20005
(202) 408-4600

William M. Audet
THE ALEXANDER LAW FIRM
55 South Street
Suite 1080
San Jose, CA 95109
(408) 289-1776

Samuel D. Heins
Kent M. Williams
HEINS MILLS & OLSON, P.L.C.
608 Second Avenue South
Suite 700
Minneapolis, MN 55402
(612) 338-4605

Joe McLeod
THE McLEOD LAW FIRM, P.A.
705 First Citizens Bank Building
109 Green Street
Post Office Box 1539
Fayetteville, NC 28302
(910) 323-1425

Michael Worel
CUNNINGHAM, BOUNDS, YANCE,
 CROWDER & BROWN
1601 Dauphin Street
Post Office Box 66705
Mobile, AL 66705
(334) 471-6191

Plaintiffs' Steering Committee

Gordon Ball
LAW OFFICE OF GORDON BALL
550 West Main Avenue
Suite 750
Knoxville, TN 37902
(423) 525-7028

Auley M. Crouch, III
CROUCH & KEETER, L.L.P.
202 North Third Street
Post Office Box 4
Wilmington, NC 28401
(910) 762-0595

Richard T. Dorman
McRIGHT, JACKSON, DORMAN, MYRICK &
  MOORE
1100 First Alabama Bank Building
106 St. Francis Street
Mobile, AL 36652
(334) 432-3444

Joel Rhine
LEA CLYBURN & RHINE
8 South Seventh Street
Wilmington, NC 28401
(910) 772-9960

Kelly Dermody
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3999
(415) 956-1000

Laura M. Shamp
BROWN & SHAMP
230 Peachtree Street, Ste 1501
Atlanta, Georgia 30303
(404) 893-9400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

IN RE STUCCO LITIGATION

Master File No. 5-96-CV-287-BR(2)

THIS DOCUMENT RELATES TO :

ALL CASES

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing REPLY BRIEF IN RESPONSE TO DEFENDANTS CONTINENTAL STUCCO PRODUCTS, INC.'S, FINESTONE'S (SIMPLEX PRODUCTS), EUROPEANS STUCCO PRODUCTS, INC'S, PLEKO SOUTHEAST CORPORATION'S, AND U.S. GYPSUM'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION on liaison counsel for defendants by placing a copy in the United States mail, first class postage prepaid, addressed as follows:

>     Andrew Copenhaver
>     WOMBLE CARLYLE SANDRIDGE
>         & RICE, PLLC
>     P. O. BOX 831
>     Raleigh, NC 27602

This 6th day of December, 1996.

*Jennefer J. Cross*
JENNEFER J. CROSS

12

# NOTE:

This Is Only A Partially Scanned Document.

Please See Case File For Attachments, Exhibits, Affidavits, Or Other Material Which Has Not Been Scanned