UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

)
)
IN RE:  STUCCO LITIGATION  )  Master File No.  5:96-CV-287-BR(2)
)
_____)

THIS DOCUMENT RELATES TO:

ALL CASES

## CASE MANAGEMENT ORDER NO. 4

Due to the recent transfer of cases into this Multi-District Litigation (MDL) proceeding

by the Judicial Panel on Multi-District Litigation pursuant to 28 U.S.C. § 1407, the court

recognizes the need for issuance of a revised order governing the administration and

management of this litigation and has considered the comments and proposals of the

parties and their counsel presented at a status hearing on 15 February 2000 and in

proposals submitted thereafter.  Except where specifically noted otherwise, the terms of

this order supercede prior case management orders issued in this litigation.[1]  With this in

mind,  the court hereby ORDERS:

1.  **Pretrial Consolidation.**  The cases listed on Attachment A are, until further

order, consolidated for pretrial purposes.  This order does not constitute a determination

that these actions should be consolidated for trial, nor does it have the effect of making any

entity a party to an action in which it has not been joined and served in accordance with

---

[1]The term "this litigation", as used in this order, refers to all cases and matters
now pending or previously pending before this court as part of this MDL proceeding
since its origin in 1996.

the Federal Rules of Civil Procedure.

(a) **Master Docket and File.** The clerk will continue to maintain a master docket and case file under the style "IN RE: STUCCO LITIGATION," master file number 5:96-CV-287-BR(2). All orders, pleadings, motions, and other documents, when filed and docketed in the master case file, will be deemed filed and docketed in each individual case to the extent applicable.

(b) **Captions; Separate Filing.** Orders, pleadings, motions, and other documents will bear a caption similar to that of this order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Pleadings, motions and other documents intended to apply only to particular cases will indicate in their caption the name and number of the case(s) to which they apply, and sufficient extra copies shall be provided to the clerk to facilitate filing and docketing both in the master case file and in each of the specified individual case files, according to the directions in ¶ 4(c), infra.

(c) **Currently Pending Cases.** The terms of this Order shall apply to all of the cases currently pending (as noted on attachment A) upon execution by the Court. The time periods set forth in this Order (i.e. time periods for completion of discovery and making motions, etc.) shall start to run from the date of this Order.

2. **Later Filed or Transferred Cases.** The terms of this order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this court. For any case transferred to this court in the future as a "tag-along action" by the Judicial Panel on MDL (pursuant to 28 USC § 1407), all deadlines for activity

2

set by the terms of this order shall run from the date the final transfer order pertaining to that case is filed with this court. The terms of this order may be modified for good cause shown.

3. **Organization of Counsel.**

(a) **Plaintiffs.** To act on behalf of plaintiffs with the responsibilities prescribed in Attachment B, the court designates H. Arthur Edge, III as Liaison Counsel. Mr. Edge's address and telephone number are as follows: Crumpton, Edge, P.C., Financial Center, Suite 925, 505 North 20th Street, Birmingham, Alabama 35203, (205) 324-1834.

(b) **Defendants.** To act as Liaison Counsel on behalf of all defendants with responsibilities prescribed in Attachment B, the court designates W. Andrew Copenhaver. Mr. Copenhaver's address and telephone number are as follows: Womble, Carlyle, Sandridge & Rice, Post Office Drawer 84, Winston-Salem, North Carolina 27102, (336) 721-3633

4. **Filing and Service of Documents.**

(a) **Orders.** A copy of each order will be provided to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel for distribution as appropriate to other counsel and to the parties.

(b) **Pleadings, Motions, and Other Documents.** Plaintiffs' Liaison Counsel will be provided with one copy of each pleading, motion, or other document filed by a party; Defendants' Liaison Counsel will be provided with one copy of each such document. Service of each pleading, motion or other document shall be deemed complete by making service upon liaison counsel. However, where the particular pleading, motion

3

or other document is not applicable to all cases or all parties (i.e. only some of the defendants in a given case), and where service is not also made upon the parties directly involved, then the individual parties involved shall be given an additional five (5) business days to file and serve their responsive papers.

Captions on all discovery motions shall clearly describe the discovery to which the motions pertain (e.g., "Defendant ABC's Motion to Compel Answers To Its Second Set Of Interrogatories").

(c)     **Number of Originals and Copies Required; Courtesy Copies.**  All pleadings, motions and other documents should be filed with the clerk of the court and none should be sent directly to the judges as "courtesy copies" or otherwise.  The following rules govern the number of copies that must be filed with the clerk:

(1)     **Filings Designated as "ALL CASES."**  Counsel must file an original and two copies.

(2)     **Filings not Designated as 'ALL CASES."**  Counsel must file an original for each designated case file, an original for the master case file, and two extra copies.  Thus, for a filing designated for two cases, counsel should file three originals and two copies.

(d)     **Facsimile Filings.**  Filings by facsimile will not be accepted by the clerk.

4

5.    **Motions Practice.**

(a)    **Rule 12 Motions.**  To the extent counsel are aware of grounds for Fed. R. Civ. P. 12 jurisdictional motions, such motions should be filed with the court within thirty (30) days of the date of this order.  This deadline will not prevent counsel or the court from raising jurisdictional issues later in the proceedings.

(b)    **Other Motions.**  No motion shall be filed under Rules 11, 12, and 56 (except as noted directly above) without leave of the court and unless such motion includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.  It is not necessary to file the proposed motion with the motion for leave.  Counsel are reminded of E.D.N.C. R. 4.03, 4.06(b), and 23.06(b) and (c) as well as Fed. R. Civ. P. 37(a)(2).

(c)    **Motions to Amend the Pleadings.**  Any motions to amend the pleadings to add or join additional parties as plaintiff or defendant shall be made within sixty (60) days of the date of this order.  In actions not seeking to be brought on behalf of a class, any motions to add third party defendants shall be made within ninety (90) days.  For purported class actions, see ¶ 7(k) infra, for third party claims.

(d)    **Governing Law.**  Unless specifically addressed by order of this court, procedure for this litigation will be governed by the Local Rules for the Eastern District of North Carolina and the Federal Rules of Civil Procedure, as construed by decisions of courts within this district and by the United States Court of Appeals for the Fourth Circuit.  With respect to cases transferred to this court from some district outside of North Carolina,

5

unless otherwise ordered, the substantive law of the transferor forum shall apply to each respective case in this litigation.

6.     **Discovery Matters Relating to all Cases.**

(a)     **Document Repository.** A document repository containing documents which are discoverable from the manufacturing defendants in this litigation has been established at: Womble Carlyle Sandridge & Rice, Suite 2100, 150 Fayetteville Street Mall, Raleigh, North Carolina 27602, (919) 755-2100. To the extent that a manufacturing defendant has not yet supplied documents to the repository, such party shall supply the documents required by prior Case Management Orders within sixty (60) days from entry of this Order. The effect of the document repository on other modes of discovery is addressed by other provisions of this order. Access to the document repository will be provided to counsel for any party herein upon seven (7) days prior written notice to Defendants' Liaison Counsel between the hours of 9:00 a.m. and 5:00 p.m., unless otherwise provided by order of this court or by agreement of Liaison Counsel for Plaintiffs and Defendants.

(b)     **Confidentiality.** The confidentiality and protective order filed April 30, 1996 by this court (Attachment C) remains in full force and effect and applies to all parties and counsel involved in this litigation.

(c)     **Document Numbering System.** The document numbering system established by order of this court filed April 30, 1996 (Attachment D) remains in full force and effect. To the extent said document numbering system requires supplementation to

6

accommodate additional parties or entities, this can be accomplished through agreement of Liaison Counsel for the Plaintiffs and Defendants.

(d) **Deposition Guidelines.** The deposition guidelines provided by order of this court filed April 30, 1996 (Attachment E) remain in full force and effect for all depositions scheduled or taken in this litigation.

(e) **Preservation of Records.** The order for preservation of records filed April 30, 1996 (Attachment F) remains in full force and effect except for ¶ 3 thereof, which is hereby amended to require implementation of the terms of said order such that within twenty (20) days of receiving this order, each party shall designate an individual who shall be responsible for ensuring that the party carries out the requirements set forth in that order governing preservation of records.

(f) **Depositions of Defendants' Personnel**. Given the extensive number and nature of depositions taken previously in this litigation of defendants' personnel (including officers, employees, agents, and others), relating both to class certification and merit issues, no depositions of defendants' personnel shall be noticed in this litigation unless agreed to by counsel for the particular defendant or upon order of this court for good cause shown. Rather, plaintiffs and any other parties are to rely upon depositions already taken in this litigation or in the state cases of *Ruff v. Parex* from North Carolina and *Hardy v. Dryvit* from Georgia, which were deemed to have been undertaken for this litigation by order of this court dated September 19, 1997. Copies of depositions of defendants' personnel shall be made available by defendants to plaintiffs upon request by ten (10) days written notice.

7

In the event that Plaintiffs or any other party wish to rely upon the deposition(s) of Defendant(s) personnel taken in any other case involving the Defendant(s), the party seeking to use such testimony shall provide written notice to the Defendant at least 20 days before the hearing or trial where such testimony is to be used, identifying the witness, the caption and civil action number of the case in which testimony was taken and the date of the testimony. If the Defendant has an objection to the deposition testimony, the Defendant shall provide written notice to the Plaintiffs of its objection to the use of the deposition testimony at least ten (10) days before such hearing or trial. If no written objection is served, the testimony can be used, subject to the Federal Rules of Evidence. If a written objection is served, and the parties, after conferring, are unable to resolve the dispute, the Court shall determine whether such testimony is admissible, and if so, the specific testimony will be subject to the Federal Rules of Evidence.

(g) **General Limitations.** All discovery requests and responses are subject to the requirements of Fed. R. Civ. P. 26(b)(1) and (2) and (g). Discovery shall not, without prior approval of the court, be taken of putative class members who are not named representative plaintiffs or of persons in countries outside the United States; and any request for such discovery shall indicate why the discovery is needed and the specific information or documents sought.

(h) **Discovery Requests and Responses.** Pursuant to Fed. R. Civ. P. 5(d) and E.D.N.C. R. 3.08, discovery requests and responses will not be filed with the court except when specifically ordered by the court or to the extent offered in connection with a motion.

8

7.    **Class Actions.**    Unless otherwise provided by separate scheduling order of this Court, the following provisions will apply to any case purporting to state a class action currently pending in or later transferred to this litigation:

(a)    **Identification of Parties and Product.** Within twenty (20) days of the date of this order, if not already provided specifically in the terms of the complaint, plaintiffs' counsel shall file and serve a list of all named class representatives and their addresses, that he or she represents in the litigation and shall identify the defendant or other entity that manufactured the product contained on the structure of each plaintiff that he or she represents.

(b)    **Class Certification Discovery and Briefing Schedule.** Class certification discovery shall commence fifteen (15) days after the date of this order and shall terminate one hundred fifty (150) days from the date of this order. No discovery shall be conducted following this deadline except where extended by further order of this court upon good cause shown.

(c)    **Class Certification Briefing.** Plaintiffs' motion for class certification shall be filed and served within thirty (30) days after the deadline for completion of class certification discovery. Defendants' response shall be filed and served within thirty (30) days after the service of plaintiffs' motion for class certification. Any reply of plaintiffs to defendants' response shall be filed and served twenty-one (21) days from the service of defendants' response.

(d)    **Class-Related Questionnaire.** Standard questionnaires (Attachments G and H), shall be utilized in lieu of interrogatories. Questionnaires are

9

deemed served on all parties to this litigation as of the date of this order. Responses to the questionnaires are due within thirty (30) days of the date of this order. All questionnaires are afforded the same formality as interrogatories and answers thereto shall be submitted under oath and the parties shall have the duty to supplement said answers under the same guidelines governing Rule 33 of the Federal Rules of Civil Procedure.

(e) **Depositions of Named Plaintiffs.** Defendants will be permitted jointly to take the deposition of each plaintiff listed as a named class representative in the complaint or in the filing required under ¶ 7(a). Each deposition shall be limited to an eight (8) hour time period, except for good cause shown, and shall otherwise comport with the guidelines established under ¶ 6(d) hereof.

(f) **Inspection of Plaintiffs' Structures.** Within sixty (60) days of the date of this order, plaintiffs will make available for inspection any structure of a named class representative which is the subject of a purported class action. Upon request, defendants will identify in advance the inspector and the anticipated scope of the inspection to be conducted; then provide the inspection report to plaintiffs within thirty (30) days of the inspection. Inspections will take place between the hours of 9:00 a.m. and 5:00 p.m. at a mutually agreeable time, with no less than five (5) days notice, unless otherwise agreed to by counsel for the parties.

(g) **Defendants' Class-Related Document Production.** The plaintiffs shall immediately have access to the Document Repository under the Guidelines established by ¶ 6(a) hereof. Once plaintiffs have reviewed documents in the Document Repository, at plaintiffs' request, the parties may confer to discuss the need for further

10

document discovery, if any. Should the parties fail to agree regarding the need for further document discovery, plaintiffs may submit a motion to the court detailing their claimed need for further document discovery. No such motions for further document discovery shall be entertained after the close of the class certification discovery period. No party shall request documents available to it at the Document Repository or from its own Liaison Counsel.

(h) **Expert Reports for Class Certification Hearing.** Any expert submissions or reports from plaintiffs or defendants regarding class certification issues shall be limited to a total of ten (10) double-spaced pages. Experts who submit reports shall be made available for depositions by no later than thirty (30) days from the filing of the expert's report. Each defendant shall be allowed to designate one expert for issues pertaining to class certification, except in cases against only one Defendant, in which case, the Defendant will be allowed to designate two experts. Defendants shall use their best efforts, however, to work together to avoid duplicative expert opinions. Plaintiffs will be limited to a total of two experts for issues pertaining to class certification.

Plaintiffs shall identify their class certification experts and provide their reports or submissions and c.v., no later than ninety (90) days from the start of class certification discovery. Defendants shall identify their class certification experts and provide their reports or submissions and c.v. no later than one hundred twenty (120) days from the start of class certification discovery.

Within fifteen (15) days following Defendants' identification of their class experts and provision of their reports or submissions, Plaintiffs may supplement their expert reports or submissions, if necessary, in rebuttal to issues raised by Defendants'

11

experts. Any supplemental report or submission from Plaintiffs shall be limited to a total of two (2) double-spaced pages and may only be submitted by the expert(s) initially identified by Plaintiffs, as set forth above. Therefore, the right to submit any rebuttal report shall not increase the number of Plaintiffs' experts nor alter the order of expert disclosure set forth above.

(i)     **Merits Discovery.** All discovery on the merits between the parties will be stayed pending the Court's ruling on the class certification issue. To the extent discovery on class certification and merit issues overlap, discovery shall not be stayed. The parties should act in good faith to resolve any dispute as to whether discovery really relates to class certification issues or merit issues. Within fifteen (15) days following the issuance of the court's order on whether a class should be certified, the plaintiffs and defendants shall submit a joint report outlining a plan for any needed discovery on the merits.

(j)     **Discovery From Third Parties (Individuals or entities that are not actual parties to the lawsuit).** Nothing in this order shall restrict the parties' ability to seek and obtain discovery from third parties on all matters including those related to the merits, provided, however, that any discovery notice sent to a third party must inform that party of its right to file a motion with the Court seeking to limit the discovery sought from it to the class certification issue, pending a decision by the court on that issue. Such notice shall be accomplished by providing the third party with the relevant portions of this order.

(k)     **Third Party Actions.** To provide for the orderly administration of this litigation, the bringing of third party actions by defendants shall be deferred until a ruling by this Court on the class certification issue. The defendants shall be permitted to join third

12

party defendants within forty-five (45) days from the filing of the Court's order on classification. Joinder of third parties thereafter shall be upon a showing of good cause.

In order to avoid possible problems with statutes of limitation or repose and to the extent recognized by applicable law, the defendants shall be deemed to have filed, as of the date of this Order (or for later transferred cases, the date of the final transfer order), a Third-Party Complaint against fictitious third-party defendants John Doe 1-200. This Third-Party Complaint shall include as third-party defendants any individual, corporation, partnership, sole proprietorship or joint venture that was involved in the design and/or construction of the structures owned by the named plaintiffs. The third-party defendants specifically include by way of example and not limitation, builders, architects, general contractors, subcontractors (i.e. roofers, EIFS applicators, window, door and deck installers), and window manufacturers. The Third-Party Complaint shall be deemed to set forth claims against the third-party defendants for contribution and indemnification for all causes of action raised against the defendants by the plaintiffs.

8. **Individual Cases.** Unless otherwise provided by a separate scheduling order of this Court, the following provisions will apply to any non-class action case currently pending in or later transferred to this litigation:

(a) **Discovery.** If there are only plaintiffs and defendants, the parties shall have one hundred and eighty (180) days to complete discovery. In the event the case includes third-parties, the parties shall have two hundred and ten (210) days to complete discovery. The parties are free to undertake such discovery as provided for by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the

13

Eastern District of North Carolina, subject to the other provisions of this Order including specifically paragraph 6(a), (f) and (g) infra. The parties are to avoid repetitious discovery requests directed to the same parties.

(b)    **Experts.** Plaintiffs shall produce the C.V. and report of any expert witnesses they may rely upon for trial within one hundred and twenty (120) days of the start of discovery. Such experts shall be made available for deposition within one hundred and thirty-five (135) days of the start of discovery.

Defendants shall produce the C.V. and report of any expert witnesses they may rely upon for trial within one hundred and fifty (150) days of the start of discovery. Such experts shall be made available for deposition within one hundred and sixty-five (165) of the start of discovery.

If the case involves third-parties, the third-parties are to produce the C.V. and the report of any expert witnesses they may rely upon for trial within one hundred and eighty (180) days of the start of discovery. Such experts shall be made available for deposition within one hundred and ninety-five (195) days of the start of discovery.

(c)    **Motions.** In addition to the provisions for motion practice set forth in paragraph 5(a) – (d) infra, the parties shall file potentially dispositive motions within forty-five (45) days from the date set for completion of discovery in paragraph 8(a) infra or as otherwise set forth by the Court.

(d)    **Pre-Trial Conference.** The Court shall set a date for pre-trial conference for each non-class action case, which date shall not be earlier than thirty (30) days after the date for filing dispositive motions.

14

(e)     **Witness and Exhibits Lists.** The plaintiffs shall provide their final lists of witnesses and exhibits pursuant to Local Rule 24.02 sixty (60) days after the date for filing dispositive motions. Defendants' list of exhibits and witnesses shall be filed within seventy (70) days after the date for filing dispositive motions and any third-parties shall provide their list of exhibits of witnesses within eighty (80) days after the date of filing of dispositive motions.

9.     **Special Agreements.** All parties shall be under a continuing duty to make prompt disclosure to the court (and, unless excused by the court for good cause shown, to other parties) of the existence and terms of all agreements and understandings, formal or informal, absolute or conditional, settling or limiting their rights or liabilities in this litigation. This obligation includes not only settlements, but also such matters as "loan receipt" and "Mary Carter" arrangements, and insurance, indemnification, contribution, and damage-sharing agreements.

10.     **Admission of Counsel.** E.D.N.C. R. 2.04 is waived for the purposes of these consolidated proceedings and attorneys admitted to practice and in good standing of any United States District Court are admitted pro hac vice in this litigation. Association of local counsel is not required. The appearance of counsel shall confer jurisdiction upon

15

this court for any alleged misconduct of counsel or for any other purpose arising in the course of this action.

This ___18___ day of April, 2000.

W. EARL BRITT
United States District Judge

Attachments:        Attachment A
                        Attachment B
                        Attachment C
                        Attachment D
                        Attachment E
                        Attachment F
                        Attachment G
                        Attachment H

16

**In Re: Stucco Litigation**
**Master File No. 5:96-CV-287-BR(2)**

**Schedule A**

| Case Name | Civil Action Number |
|---|---|
| 1. *Alan and Lisa Andrews v. Dryvit Systems, Inc., et al.* | 5:99-CV-674-BR(2) |
| 2. *Jo Ann Atwell v. Dryvit Systems, Inc., et al.* | 5:99-CV-646-BR(2) |
| 3. *David Bates v. Dryvit Systems, Inc.* | 5:99-CV-826-BR(2) |
| 4. *Bruce and Karen Bryant, et al. v. Dryvit Systems, Inc., et al.* | 5:99-CV-105-BR(2) |
| 5. *Warren and Rosemary Bullock v. Dryvit Systems, Inc., et al.* | 5:99-CV-645-BR(2) |
| 6. *Robert A. and Josie Chumley v. Dryvit Systems, Inc., et al.* | 5:99-CV-643-BR(2) |
| 7. *Garry Crowder and Jill Evans v. Marty Byron, Individually, et al.* | 5:99-CV-490-BR(2) |
| 8. *Gee v. K-2* | 5:00-CV-3-BR(2) |
| 9. *John and Donna Ghiorso v. Dryvit Systems, Inc.* | 5:99-CV-722-BR(2) |
| 10. *Ronald and Lynn Gully v. Dryvit Systems, Inc., et al.* | 5:99-CV-598-BR(2) |
| 11. *David S. and Kelly R. Jackson v. Dryvit Systems, Inc., et al.* | 5:99-CV-664-BR(2) |
| 12. *Robert J. Lesko, Sr., et al. v. Parex, Inc., et al.* | 5:99-CV-825-BR |

## ATTACHMENT B

## Responsibilities of Designated Counsel

1. **Plaintiffs' Lead Counsel.** Plaintiffs' Lead Counsel shall be generally responsible for coordinating the activities of all counsel for plaintiffs during pretrial proceedings and shall:

(a) determine (after such consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

(b) coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26 (b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c) conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

(d) delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

(e) enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

(f) prepare and distribute to the parties periodic status reports;

(g) maintain adequate time and disbursement records

covering services as Lead Counsel;

(h) monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(i) perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the court.

Counsel for plaintiffs who disagree with Lead Counsel (or those acting on behalf of Lead Counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of Lead Counsel.

2. **Plaintiffs' Liaison Counsel.** Plaintiffs' Liaison Counsel shall:

(a) maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

(b) receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel; and

(c) maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

3. **Plaintiffs' Steering Committee.** The other members of

2

Plaintiffs' Steering Committee shall from time to time consult with Plaintiffs' Lead and Liaison Counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

4. **Defendants' Liaison Counsel.** Defendants' Liaison Counsel shall:

(a) maintain and distribute to co-counsel and to Plaintiffs' Liaison Counsel an up-to-date service list;

(b) receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel;

(c) maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository; and

(d) call meetings of co-counsel for the purpose of coordinating discovery, presentations at pretrial conferences, and other pretrial activities.

5. **Privileges Preserved.** No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

3



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

)
)
)
IN RE:   STUCCO LITIGATION   )   Master File No. 5:96-CV-287-BR(2)
)
)
_____)

THIS DOCUMENT RELATES TO:

ALL CASES

## EXHIBIT A

### Confidentiality Order

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c), ORDERED:

1. **Nondisclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential--Subject to Protective Order in Civil Action No. 5:96-CV-287-BR(2), United States District Court, Eastern District of North Carolina" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c). For

purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed--

2

(a)   to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b)   to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the court a form containing--

   (1)   a recital that the signatory has read and understands this order;

   (2)   a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

   (3)   a statement that the signatory consents to the exercise of personal jurisdiction by this court.

3

(c)   Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least five days' advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the five-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion. The court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

3. **Declassification.** A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

4

**4. Confidential Information in Depositions.**

(a)  A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 2(c) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b)  Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential--Subject to Protection Pursuant to Court Order." Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a

5

timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

**5. Confidential Information at Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

**6. Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

**7. Filing.** Stamped confidential documents need not be filed with the clerk except when required in connection with motions under Fed. R. Civ. P. 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and shall remain

6

sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

8. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 2(b) and (c).

9. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10. **Use.** Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced

7

such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents and not more than 150 days after final termination of this litigation.

12. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

13. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

14. **No Waiver.**

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

15. Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to

8

contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

Entered this 30th day of April 1996 with the concurrence of U.S. District Judge W. Earl Britt.

ALEXANDER B. DENSON
United States Magistrate Judge

stucco/js/cm2/orA

I certify the foregoing to be a true and correct copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina
By
Deputy Clerk

9



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

)
)
)
IN RE:  STUCCO LITIGATION  )  Master File No. 5:96-CV-287-BR(2)
)
)
_____)

THIS DOCUMENT RELATES TO:

ALL CASES

### EXHIBIT C

Document Numbering System and Document Depositories

Pursuant to agreement of counsel, the court orders that the production of all documents in this action from whatever source comply with the following procedures:

1.  All documents produced shall be Bates-stamped with consecutive numbers.  Each entity shall be assigned a two-letter prefix which shall precede the Bates stamp on all documents produced by the entity.  The following prefixes are hereby assigned:

(a)  The plaintiffs -- PL

(b)  Dryvit -- DR

(c)  STO -- ST '

(d)  Shield - SH

(e)  Parex -- PA

(f)  Thomas Waterproof Coatings -- TW

(g)  Continental Stucco Products -- CS

(h)  Corev -- CO

(i)  Finestone -- FI

(j)  Omega -- OM

(k) Pleko -- PK

(l) Senergy -- SE

(m) Thoro -- TH`

Documents produced by third parties shall be Bates-stamped with a prefix to be agreed upon in advance of production by counsel. Third parties from whom discovery has already been requested are hereby assigned the following prefixes:

(a) EIMA -- EI

(b) NAHB -- NA

2. At the first use of a document, it will be assigned a "Document Number" by the party first using it, either at deposition, attached to an affidavit, at a hearing, at trial, or any other use. That document will then retain the same Document Number throughout the litigation. Plaintiffs' and defendants' Liaison Counsel will be responsible respectively for maintaining a plaintiffs' and a defendants' Document Number Log where all documents which have been assigned a number will be logged with a brief description of the document and its Bates number. The document log should substantially conform to the following format and be available upon reasonable notice to all parties in the litigation:

| Document No. | Bates No. | Description |
|---|---|---|
| 431 | DR00642-DR00643 | 3/14/94 letter from Mr. Johnson to Ms. Jones |

2

Plaintiffs will number those documents they use first with numbers between 1 and 50,000. Defendants will number those documents they use first with numbers starting with 50,001.

3. All documents produced in the litigation will either be produced: (1) at the requesting parties Liaison Counsel's office, organized according to the request number, at a date and time agreed upon by counsel, or (2) at the place of business where and in the manner in which the records are ordinarily kept.

Entered this 30th day of April 1996 with the concurrence of U.S. District Judge W. Earl Britt.

ALEXANDER B. DENSON
United States Magistrate Judge

stucco/js/cm2/orC

I certify the foregoing to be a true and correct copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina

By _____ Deputy Clerk

3


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

)
)
)
IN RE: STUCCO LITIGATION    )    Master File No. 5:96-CV-287-BR(2)
)
)
_____)

THIS DOCUMENT RELATES TO:

ALL CASES

### EXHIBIT D

### Deposition Guidelines

It is ORDERED that depositions be conducted in accordance with the following rules:

1. **Cooperation.** Counsel are expected to cooperate with, and be courteous to, each other and deponents.

2. **Stipulations.** Unless contrary to an order of the court, the parties (and when appropriate, a nonparty witness) may stipulate in any suitable writing to alter, amend, or modify any practice relating to noticing, conducting, or filing a deposition. Stipulations for the extension of discovery cutoffs set by the court are not valid, however, until approved by the court.

3. **Scheduling.** Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents in an effort to schedule depositions at mutually convenient times and places. That some counsel may be unavailable shall not, however, in view of the number of attorneys involved in this litigation, be grounds for deferring or postponing a deposition if another attorney from the same firm or who represents a party with similar interests is able to attend.

## 4. Attendance.

(a) **Who May Be Present.** Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, counsel for the deponent, and potential witnesses. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

(b) **Unnecessary Attendance.** Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend and to conduct pursuant to paragraph 11(b) of this order supplemental interrogation of the deponent should a review of the deposition reveal the need for such examination.

## 5. Conduct.

(a) **Examination.** Each side should ordinarily designate one attorney to conduct the principal examination of the deponent, and examination by other attorneys should be limited to matters not previously covered. Counsel

2

should cooperate in the allocation of time so that time limits set by the court are complied with.

(b) **Objections and Directions Not to Answer.** Counsel shall comply with Fed. R. Civ. P. 30(d)(1). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

(c) **Private Consultation.** Private conferences between deponents and their attorneys in the course of interrogation are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the court for good cause shown, such conferences may be held during normal recesses and adjournments.

(d) **Continuation of Deposition.** If a deposition is not finished on Friday of a deposition week, it will continue on the following Monday, subject to the availability of the witness. If the witness is unavailable, it will resume on a newly noticed date.

3

6. **Documents.**

(a) **Production of Documents.** Witnesses subpoenaed to produce documents should ordinarily be served at least 30 days before the scheduled deposition. Arrangements should be made to permit inspection of the documents before the interrogation commences.

(b) **Confidentiality Order.** A copy of the Confidentiality Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information. Counsel shall comply with the provisions of the Confidentiality Order when examining a deponent about confidential information.

(c) **Copies.** Extra copies of documents about which counsel expect to examine the deponent should ordinarily be provided to opposing counsel and the deponent. Deponents should be shown a document before being examined about it except when counsel seek to impeach or test the deponent's recollection.

(d) **Marking of Deposition Exhibits.** Documents shall be referred to by the Bates-stamp number assigned by the document depository.

7. **Depositions of Witnesses Who Have No Knowledge of the Facts.** An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no

4

knowledge may submit to the noticing party a reasonable time before the date noticed an affidavit so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order.

8. **Recording Depositions by Nonstenographic Means.**

(a) **Tape-Recorded Depositions.** By so indicating in its notice of a deposition, a party may record the deposition by tape recording in lieu of stenographic recording pursuant to Fed. R. Civ. P. 30(b)(2) and (3). Other parties may at their own expense arrange for stenographic recording of the deposition, may obtain a copy of the tape and transcript upon payment of a pro rata share of the noticing party's actual costs, and may prepare and file their own version of the transcript of the tape recording.

(b) **Videotaped Depositions.** By so indicating in its notice of a deposition, a party may record the deposition by videotape·pursuant to Fed. R. Civ. P. 30(b)(2) and (3).

(1) Rules for Videotaped Reporting.

(i) **Video Operator.** The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition the

5

operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(ii) Attendance. Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, only the deponent (and demonstrative materials used during the deposition) will be videotaped.

(iii) Standards. The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only

6

as necessary to record satisfactorily the voices of counsel and the deponent. Eating and smoking by deponents or counsel during the deposition will not be permitted.

(iv) Interruptions. Videotape recording will be suspended during all "off the record" discussions.

(v) Index. The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

(vi) Filing. Subject to the provisions of paragraph 10 of this order, the original of the tape recording, together with the operator's log index and a certificate of the operator attesting to the accuracy of the tape, shall be preserved by the party noticing the deposition. No part of a videotaped deposition

7

shall be released or made available to any member of the public unless authorized by the court.

(vii). Objections. Requests for pretrial rulings on the admissibility of evidence obtained during a videotaped deposition shall be accompanied by appropriate pages of the written transcript. If needed for an informed ruling, a copy of the videotape and equipment for viewing the tape shall also be provided to the court.

(viii) Use at Trial; Purged Tapes. A party desiring to offer a videotape deposition at trial shall be responsible for having available appropriate playback equipment and a trained operator. After the designation by all parties of the portions of a videotape to be used at trial, an edited copy of the tape, purged of unnecessary portions (and any portions to which objections have been sustained), shall be prepared by the offering party to facilitate continuous playback; but a copy of the edited tape shall be made available to other parties at least 10 days before it is used, and the unedited original

8

of the tape shall also be available at the trial.

9.  **Telephonic Depositions.** By indicating in its notice of a deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(7). Unless an objection is filed and served within 5 days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

10.  **Waiver of Transcription and Filing.** The parties and deponents are authorized and encouraged to waive transcription and filing of depositions that prove to be of little or no usefulness in the litigation or to agree to defer transcription and filing until the need for using the deposition arises.

11.  **Use, Supplemental Depositions.**

(a)  **Use.** Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court as part of this litigation)--

(1)  who was present or represented at the deposition;

(2)  who had reasonable notice thereof; or

9

(3) who, within 30 days after the filing of the deposition (or, if later, within 60 days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

(b) **Supplemental Depositions.** Each party not present or represented at a deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court) may, within 30 days after the filing of the deposition (or, if later, within 60 days after becoming a party in this court in any action that is a part of this litigation), request permission to conduct a supplemental deposition of the deponent, including the right to take such deposition telephonically and by nonstenographic means. If permitted, the deposition shall be treated as the resumption of the deposition originally noticed; and each deponent shall, at the conclusion of the initial deposition, be advised of the opportunity of nonattending parties to request a resumption of such deposition, subject to the right of the deponent to seek a protective order. Such examination shall not be repetitive of the prior interrogation.

12. **Rulings.** During depositions, disputes arising that cannot be resolved by agreement and that, if not immediately

10

resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be presented by telephone to Judge Britt or Magistrate Judge Denson. The presentation of the issue and the court's ruling will be recorded as part of the deposition.

Entered this 30th day of April 1996 with the concurrence of U.S. District Judge W. Earl Britt.


ALEXANDER B. DENSON
United States Magistrate Judge

stucco/js/cm2/orD

I certify the foregoing to be a true and correct copy of the original
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina
By _____
Deputy Clerk

11

Case 5:96-cv-00287-BR   Document 329   Filed 04/18/00   Page 43 of 51



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA

```
                          )
                          )
                          )
IN RE:   STUCCO LITIGATION )    Master File No. 5:96-CV-287-BR(2)
                          )
                          )
_____)
```

THIS DOCUMENT RELATES TO:

ALL CASES

## EXHIBIT B

### Order for Preservation of Records

It is ORDERED: ·

1. **Preservation.** During the pendency of this litigation, and for 60 days after entry of a final order closing all cases, each of the parties herein and their respective officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from altering, interlining, destroying, permitting the destruction of, or in any other fashion changing any "document" in the actual or constructive care, custody, or control of such person, wherever such document is physically located, or irrevocably changing the form or sequence of the files in which the document is located. Such persons are also enjoined from changing the location of any such documents except to facilitate compilation, review, or production (as by filing in a document depository).

## 2. Scope.

(a) "Document" shall mean any writing, drawing, film, videotape, chart, photograph, phonograph record, tape record, mechanical or electronic sound recording or transcript thereof, retrievable data (whether carded, taped coded, electrostatically or electromagnetically recorded, or otherwise), or other data compilation from which information can be obtained, including (but not limited to) notices, memoranda, diaries, minutes, purchase records, purchase invoices, market data, correspondence, computer storage tapes, computer storage cards or disks, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings, instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations, and other formal and informal writings or tangible preservations of information.

(b) This order pertains only to documents containing information that may be relevant to, or may lead to the discovery of information relevant to, this litigation claiming damages to buildings or dwellings caused by an exterior finish often referred to as "synthetic stucco" or "Exterior Insulated Finish System" which have been written or generated after January 1, 1985. Any document

2

described or referred to in any discovery request or response made during this litigation shall, from the time of the request or response, be treated for purposes of this order as containing such information unless and until the court rules such information to be irrelevant.

(c)   Counsel are directed to confer to resolve questions as to what documents are outside the scope of this order or otherwise need not be preserved and as to an earlier date for permissible destruction of particular categories of documents. If counsel are unable to agree, any party may apply to the court for clarification or relief from this order upon reasonable notice. A party failing, within 60 days after receiving written notice from another party that specified documents will be destroyed, lost, or otherwise altered pursuant to routine policies and programs, to indicate in writing its objection shall be deemed to have agreed to such destruction.

3.   Implementation. Each party will, within 10 days after receiving this order, designate an individual who shall be responsible for ensuring that the party carries out the requirements of this order.

Entered this 30th day of April 1996 with the concurrence of U.S. District Judge W. Earl Britt.

I certify this foregoing to be a true and correct copy of the original.
David W. Daniel, Clerk
United States District Court
Eastern District of North Carolina

By _____ Hunne
               Deputy Clerk

stucco/js/cm2/orB

ALEXANDER B. DENSON
United States Magistrate Judge

3

Case 5:96-cv-00287-BR   Document 329   Filed 04/18/00   Page 46 of 51

Pursuant to the Court's <u>Order</u> of 4/30/96, please answer, under oath, the following:

1. Identify (by giving the proper name and the address of the principle place of business) your company and any predecessor in interest to your company or any parent company.

2. Identify all brand names or other names of EIFS products or EIFS component products which you have ever made, manufactured, marketed, distributed or sold in the United States.

3. Identity (by giving the date, the state and the name under which it was sold) when you first sold or distributed EIFS in the United States.

4. Identify the states in which you manufactured, sold, distributed or marketed EIFS, and give the time period during which your product was sold in that state.

5. Identify (by giving name, title, work address and area of responsibility) all your management level employees.

6. Identify (by giving name, title, work address and job responsibilities) all employees engaged in marketing activities since January 1, 1985.

7. Identify (by giving the name of the person making the complaint, the date of the complaint, the basis of the complaint and your response to the complaint) all complaints, in any form, or inquires, in any form, from any source including, but not limited to, class members, applicators, general contractors, builders, homeowners, homeowner associations, condominium owners or associations and/or any State or Federal agencies you have received regarding water intrusion and/or water damage and/or termite damage to buildings with EIFS.

8. Please identify (or produce copies of) all complaints or cross-complaints filed in State or Federal Court naming your company as a defendant relating to water intrusion and/or water damage and/or termite damage to buildings with EIFS.

9. The estimated or actual numbers of homes with your company's EIFS product.

Plaintiffs' Questionnaire Propounded to Each Defendant - Page 1

10. Please identify, list or summarize, all warranties accompanying your particular EIFS product.

11. Please identify any particular "mark" or "marks" (i.e., color or thickness) of your EIFS.

Case 5:96-cv-00287-BR   Document 329   Filed 04/18/00   Page 48 of 51

Pursuant to Court Order, the Defendants hereby set forth their questionnaire to be answered by each of the named Plaintiffs.

1.    Describe the EIFS-clad structure (hereinafter "the structure") which is the subject of your claim in this case, including a description of the general configuration of the structure, its size in square feet, the number and kind of rooms, fireplaces and chimneys, balconies, porches, decks (covered and uncovered) and windows. For each window, provide the name and address of the manufacturer, whether the window was supplied as part of original construction or a replacement, the name and address of the seller(s) of each window, the name and address of the installer of each window and whether the window has been repaired.

2.    Provide the name and address of each person or entity who owns or has had a recorded title interest in the structure, specifying the nature of the interest (e.g., owner, mortgagee, etc.), the amount paid or lent to create any such interest, the date such amount was paid or lent, the names and addresses of the payees, payers, borrowers and lenders for the period of January 1, 1986 to date, and the name and address of the real estate agent or agency involved in the sale of the structure to you.

3.    State the tax value, purchase price and the fair market value of the property including the structure, on the date you purchased it, specifying the date of purchase. Also state the current tax value and current fair market value of the property, and provide separately, if you can, the respective values for the structure and land.

4.    State the name and address of any contractor who has performed any work or conducted any inspection on the structure at any time up to the present, and state the date and nature of the work or inspection performed, the result, the cost, and whether you have any documents relating to such activity. This request includes the original building contractor and subcontractors up through the present time, specifically including inspections or repairs undertaken with respect to any possible water intrusion in the structure.

5.    State the date that an EIFS-wall cladding was installed on the structure, the name and address of the general contractor and of any other contractor, architect or applicator involved in the selection or application of the EIFS cladding. Provide the name of the manufacturer of the EIFS product installed and the name of the specific EIFS product, and set forth the information upon which you rely for identification of the manufacturer and the product. Provide the name and address of the person or entity from whom the EIFS was purchased and whether the EIFS was recommended to you by any individual or entity specifically including architect, builder, realtor or seller, and if so, provide the name and address of such person or entity.

6.    State whether you claim that you actually have suffered water intrusion damage to your structure. If so, state when and how you first discovered water intrusion damage and provide the name and address of any person or entity who advised that such damage exists (including

1

insurance company or governmental representative), or who advised you of the necessity of any repair or preventative measure. Describe the nature, extent and location of the damage and any actions you have taken to repair the damage or to prevent further damage including the name and address of any person or entity performing any repairs.

7.　　Provide the name and address of each person or entity to whom or which you have made a claim, or from whom or which you have received any payment or service as a result of any loss in value or damage (not limited to water intrusion or EIFS) to the structure from any cause, at any time, together with the description of the claim, the date of the claim, the amount of any payment and/or the nature of the service.

8.　　State whether you have signed any Release, Settlement Agreement and/or Covenant Not to Sue in connection with any possible claims that you might have against any individual or entity pertaining to the structure. If so, provide the name and address of each person or entity covered by the Release, Settlement Agreement or Covenant Not to Sue, the date of the document and any limitation on the scope of the Release, Settlement Agreement and/or Covenant Not to Sue.

9.　　Describe all the damage to the structure, including any consequential damages, you contend have been caused or contributed to by the EIFS cladding.

10.　　Describe any warranty covering the structure by any person or entity (i.e., architect, builder, realtor, manufacturer, prior owner, etc.) and provide the name and address of each such person or entity, the subject matter of the warranty, and the time period covered by the warranty.

11.　　Since acquisition of your interest in the structure, have any improvements or additions been made to it, and if so, describe the improvement or addition, the costs, the date, and the name and address of each person or entity performing the work resulting in the improvement(s) or addition(s).

12.　　Although you are not seeking any recovery for personal injuries in this action, state whether you contend that you or anyone else has suffered any bodily injury as a result of the use of EIFS cladding on the structure, and if so, identify who suffered the bodily injury, describe the injury and the nature and cost of any medical treatment received, naming the treating physicians and providing their addresses.

13.　　State whether you have entered into any agreement to sell the structure within the last 10 years, and if so, provide the name and address of any involved realtor, the name and address of all persons making any offers on the structure, the price at which you agreed to sell the structure or listed it, or your asking price if you were acting without a realtor. If you have sold your structure, provide the name and address of all purchasers, the date of sale, and the amount of the purchase price.

2

14.     Provide the name and address of each representative or employee of any defendant you have communicated with concerning your claim of damage to the structure resulting from the EIFS cladding and provide the date of each such communication, the name and address of the representative or employee and the business he or she worked for or represented, whether the communication was written or oral, the names and addresses of other persons present (if oral) and the substance of what was said to or by each representative or employee.

15.     Describe all representations, if any, made to you prior to your purchase of the structure, which you relied upon in purchasing or using EIFS, and for each provide the name and address of the individual or entity making the representation, the name and address of all other persons present, whether the representation was written or oral, the date and place of the representation and the specific representation you relied upon to be true and factual, and without which you would not have purchased the structure.

16.     State whether you have ever transferred, assigned or sold, or acquired by transfer, assignment or purchase, any interest in any claim whether asserted in this action or otherwise, against any party in this action. If so, provide the details of any such transaction.

3