FILED
AUG 31 2000
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP. CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: STUCCO LITIGATION | ) | Master File No. 5:96-CV-287-BR(2) |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| ROBERT LESKO, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 5:99-CV-825-BR |
| PAREX, INC., et. al., | ) | |
| Defendants. | ) | |

**MOTION TO EXTEND TIME FOR PRODUCTION OF
DEFENSE EXPERT REPORTS AND FOR COMPLETION OF
CLASS-CERTIFICATION DISCOVERY PENDING RULING ON
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
OR IN THE ALTERNATIVE TO COMPEL DISCOVERY,
IMPOSE SANCTIONS, AND AMEND CASE MANAGEMENT ORDER NO. 4**

Defendants Dryvit Systems, Inc. ("Dryvit") and Sto Corp. ("Sto"), Synergy, Inc. ("Synergy"), Thoro Products, Inc. ("Thoro") and Harris Specialty Chemical, Inc. ("HSC"), through their counsel hereby move this Court for an Order extending time for production of defense expert reports and for the completion of class-certification discovery, until such time as the Court has ruled on Defendants' Motion to Dismiss Plaintiffs' Complaint or in the Alternative to Compel Discovery, Impose Sanctions and Amend Case Management Order No. 4, and in support thereof, the Defendants state:

    1.    This putative class-action was originally commenced in the Superior Court

of New Jersey, Middlesex County on or about March 26, 1999 and was conditionally transferred to this Court by Order dated November 4, 1999 as part of the multi-district litigation captioned In Re: Stucco Litigation.

2. On April 18, 2000, the Honorable W. Earl Britt entered Case Management Order No. 4 ("CMO No. 4"), which set forth various deadlines for Plaintiffs to provide discovery to the Defendants. CMO No. 4 required Plaintiffs to provide within 20 days of the Order (i.e., May 8, 2000) a list of all named class representatives and the identity of the Defendant or other entity who manufactured the synthetic stucco applied to Plaintiffs' individual residences. See Paragraph 7(a) of CMO No. 4. It required Plaintiffs to provide within 30 days of the Order (i.e., May 18, 2000) responses to the standard questionnaire attached to CMO No. 4. See Paragraph 7(d) of CMO No. 4. It required Plaintiffs to identify their class-certification experts and provide their reports, submissions and curriculum vitae within 90 days of the start of class-certification discovery (i.e., August 1, 2000). See Paragraph 7(h) of CMO No. 4.

4. Plaintiffs have failed to provide discovery required under CMO No. 4 in multiple ways:

- (a) Plaintiffs did not provide their listing of class representatives and the Defendants that manufactured the EIFS on those homes until July 12, 2000, more than two months after the deadline established under CMO No. 4.
- (b) The Plaintiffs have yet to provide responses to the standard questionnaire for any of the named Plaintiffs and are now more than three months past the due date.

(c) With respect to expert disclosures, Plaintiffs forwarded on August 16, 2000 the names of two proposed experts and the CV for one of them. The Plaintiffs have not supplied the expert report from either expert as of this date, even though the due date was August 1, 2000.

5. Due to the Plaintiffs' multiple failures to comply with CMO No. 4, the Defendants ability to defend themselves and to comply with court-imposed deadlines has been seriously compromised. Defense expert reports are currently due on August 31, 2000. Yet Defendants neither have any answers to the questionnaires, which provide information about the house, nor have any expert reports to analyze or further respond to. Further, CMO No. 4 provided that experts would be deposed within 30 days of the production of their report. The intent was to have the Plaintiffs' experts deposed before the Defendant's expert reports were due. This is not currently feasible because of the late identification of Plaintiffs' experts and the fact that no report has been submitted.

6. Due to these failures, the Defendants are filing contemporaneously herewith their Motion to Dismiss Plaintiffs' Complaint or in the Alternative to Compel Discovery, Impose Sanctions and Amend CMO No. 4.

7. By this Motion, moving Defendants seek to extend the time period for production of defense expert reports until the Court has had an opportunity to rule on their Motion to Dismiss Plaintiffs' Complaint or in the Alternative to Compel Discovery, Impose Sanctions and Amend Case Management Order No. 4. If the Court is inclined to grant the Motion to Dismiss, no defense expert reports will be needed. If the Court decides to deny the Motion to Dismiss but to compel Plaintiff to provide discovery required under CMO No. 4, Defendant respectfully suggests

that the Court will need to modify the existing deadlines for completion of expert depositions, production of defense expert reports, and the completion of class-certification discovery.

8. Defendants therefore seek to extend the time for production of defense expert reports and for completion of class-certification discovery, such that defense expert reports would not be due earlier than 15 days after the Court decides the Defendant's Motion to Dismiss or in the Alternative to Compel Discovery, Impose Sanctions and Amend Case Management Order No. 4. Defendants also seek to have the Court extend class-certification discovery for at least an additional 60 days after the Court rules upon the Motion to enable the Defendants to undertake needed discovery.

9. Pursuant to Local Rule 4.11, the undersigned tried unsuccessfully to contact Plaintiffs' counsel to discuss the filing of this Motion. The undersigned counsel does not know whether Plaintiffs' counsel objects or consents to this Motion.

WHEREFORE, Defendants respectfully request that the Court grant an extension of time to the Defendants to produce expert reports and to complete class-certification discovery until such time as the Court has ruled upon the Defendants' Motion to Dismiss Plaintiffs' Complaint or in the Alternative to Compel Discovery, Impose Sanctions and to Amend Case Management Order No. 4. Defendants specifically request that the defense expert reports not be required to produced at any time earlier than 15 days after the Court rules on the pending Motion and that the class-certification discovery be extended for at least 60 days following the ruling on the Motion.

This the 30th day of August, 2000.

                                        *WOMBLE CARLYLE SANDRIDGE &*
                                        *RICE, PLLC*

                                        Frederick Rom, Esquire
                                        N.C. State Bar No.; 26675
                                        Post Office Box 831
                                        Raleigh, NC 27602
                                        (919) 755-2170

                                        *Attorneys for Dryvit Systems, Inc.*
                                        *Sto Corp., Senergy, Inc., Thoro Products,*
                                        *Inc. and Harris Specialty Chemical, Inc.*

- 5 -

Case 5:96-cv-00287-BR   Document 391   Filed 08/31/00   Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on all counsel of record by delivering a copy of same via Federal Express on this the __31st__ day of August, 2000.

**ADDRESSES:**

H. Arthur Edge, III, Esq.
CRUMPTON EDGE
505 20th Street North
925 Financial Center
Birmingham, AL 35203
*Attorneys for Plaintiffs*

Barry R. Eichen, Esq.
EICHEN & CAHN
2300 Woodbridge Avenue
Edison, NJ 08817
*Attorneys for Plaintiffs*

Scott A. Telson, Esq.
LOMBARDI & LOMBARDI, P.A.
P. O. Box 2065
Edison, NJ 08818-2065
*Attorneys for Plaintiffs*

Fiona J. Van Dyck, Esq.
LOUIS GIANSANTE & ASSOCIATES, LLC
23 East Main Street
Mooretown, NJ 08057
*Attorneys for Sto Corp.*

Renee E. Berger, Esq.
WILBRAHAM LAWLER & BUBA
1818 Market Street - Suite 3100
Philadelphia, PA 19103
*Attorneys for U.S. Gypsum*

Roger P. Sauer, Esq.
LINDABURY, McCORMICK
 & ESTABROOK
P. O. Box 2369
Westfield, NJ 07091-2369
*Attorneys for Parex*

Andrew P. Fishkin, Esq.
EDWARDS & ANGELL, LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-3380'
*Attorneys for Dryvit Systems, Inc., Senergy, Inc., Harris Specialty Chemicals & Thoro System Products, Inc.*

Mr. C. B. Thomas
Thomas Waterproof Coatings Co.
627 Whitehall St.
Atlanta, GA 30310

Elbert S. Dorn, Esq.
TURNER PADGET GRAHAM & LANEY
P. O . Box 1473
Columbia, SC 29202
*Attorneys for Parex, Inc.*

Mr. Ross Lane
Continental Stucco Products
4301-C Pleasantdale Road
Doraville, GA 30340

_____
Frederick W. Rom